**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

JEFFREY PATTERSON,　　　　　　　)
an individual,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　CIVIL ACTION
NORTH GEORGIA COMMUNITY　　　)　NO.: 2:13-cv-230-WCO
ACTION, INC. and　　　　　　　　)
JONATHAN D. RAY, Individually,　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　)
　　　　　　　　　　　　　　　　)

**COMPLAINT FOR VIOLATION OF THE FLSA
AND DEMAND FOR JURY TRIAL**

Plaintiff, **JEFFREY PATTERSON**, hereby sues Defendants, **NORTH GEORGIA COMMUNITY ACTION, INC.**, a Georgia Non Profit Corporation and **JONATHAN D. RAY** and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.　　Plaintiff, Jeffrey Patterson (hereinafter "Plaintiff" or "Patterson"), is an adult resident of Copperhill, TN.

2.　　Defendant, North Georgia Community Action, Inc., is a Georgia Non-Profit Corporation with its principal place of business located at 1344 Talking Rock Road, Jasper, Georgia (hereinafter "NGCA").

3.      Defendant Jonathan D. Ray (hereinafter "Ray") is the CEO and an officer of NGCA.  Mr. Ray supervises and regularly directs the work of Plaintiff, and is an Employer under the FLSA.   See In re Van Diepen, P.A., 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).  Upon information and belief Mr. Ray is also a shareholder in this corporation.

4.      The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).  *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes). Defendants Jonathan D. Ray and NGCA are both employers under the FLSA.

5.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. § 207 (hereinafter the "FLSA").

6.      This Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 U.S.C. § 1367.

7.      Venue is appropriate here in the Gainesville Division of the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because the Defendant is located in Jasper, Georgia.

8.      Furthermore, the acts complained of occurred in Jasper, Georgia, as they took place at Defendants' business located at 1344 Talking Rock Road, Jasper, Georgia where Plaintiff was employed and his work was directed from.

9.      All conditions precedent to the filing of this action have been performed.

10.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendants are subject to the FLSA.

11.     During the times relevant to this Complaint, Defendants employed more than two employees and has generated more than $500,000.00 in revenues in each of the three years that precede the filing of the action.

12.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

## **GENERAL ALLEGATIONS**

13.     This is an action for violations of the Fair Labor Standards Act (hereinafter "FLSA").

14.     From on or about June 2009 to the present Patterson has been employed by Defendants as a Weatherization Director.

15.     Mr. Patterson's daily job duties include traveling to customer's homes and assisting them with making their homes more energy efficient with the goal of reducing the electricity and power to lower-income family homes through a Grant from the Georgia Department of Power.

16.     Mr. Patterson's job duties include as well such typical non-exempt job duties as:   scheduling, customer service, ordering parts, installations, and inspections.

17.     From on or about June 2009 until on or about June 1, 2013 Patterson was paid on a salary basis and improperly classified by Defendants as an exempt employee under the FLSA.

18.     From on or about June 2009 until on or about June 1, 2013 Patterson worked in excess of forty (40) hours per week for Defendants, for which he was not compensated.

19.     Defendants classify all employees at their central, corporate office as exempt employees including employees with the title of "Secretary" and "Inspector".  Defendants have a policy of no overtime pay for employees of this office regardless of the person's job title or job duties or whether fitting within any exemption under the FLSA.

20.    Defendants also willfully misclassified Patterson and other non-exempt employees as exempt so Defendants did not have to report and compensate them in accordance with the Davis Bacon Act ("DBA"). This allowed Defendants to save on labor and reporting costs.

21.    Approximately two subordinate field employees to Plaintiff were also not paid overtime and classified as exempt, and not reported on the Davis Bacon Act form 347certifying payroll.

22.    On or about June 1, 2013 Patterson was switched to an hourly, non-exempt employee by the Defendants, although his job duties did not change.

23.    Defendants alleged to Patterson that the reason for reclassifying his position from salary exempt to hourly non-exempt was due to budget considerations.  However, Patterson's pay has remained the same as it was prior to being switched to an hourly employee and all overtime was thereafter cut out.

24.    Patterson has been damaged as a direct and proximate result of Defendants' illegal actions.

25.    Plaintiff was told by Defendants never to write down all his hours and to only record 40 hours of work on time sheets, even if he worked less than 40 in any week, he was supposed to still write in 40 hours and use his vacation time to account for the extra time.

26.    Patterson does not have authority to make decisions on persons to hire or fire.  All such decisions are made by Jonathan D. Ray.

27.    Patterson has been required to retain undersigned counsel to represent him in this matter and has agreed to pay a reasonable fee for said service.

## COUNT I
## DEFENDANTS' VIOLATION OF OVERTIME PROVISIONS OF THE FLSA

28.    Plaintiff readopts and realleges the allegations set forth in Paragraph 1 through 27 as if fully set forth herein.

29.    Patterson was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

30.    Defendants were employers within the meaning of 29 U.S.C. §203(d).

31.    The overtime wage provision set forth in FLSA § 207 applies to Defendants, which engage in commerce under the definition of the FLSA.

32.    Throughout Patterson's employment, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

33.    Defendants compensated Patterson as if he were an exempt employee; however, his work duties dictated he should be classified and compensated as a non-exempt employee.  Patterson did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance.

34.   The FLSA provides that, with certain exceptions, employers must pay employees minimum wages for all compensable hours worked and overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. §§ 206, 207(a)(1).   The Act exempts certain employees from the minimum wage and overtime requirements.   However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" s*ee Donovan v. Nekton*, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

35.   Pursuant to the FLSA, the test for the executive exemption (which is nearly identical to the administrative exemption) requires that an employee's main, principal and "primary duty" consists of the "management of the enterprise" in which he or she is employed.   In addition, the executive employee's work must include "the customary and regular direction" of work of two or more employees, including the hiring and firing processes and "customarily and regularly exercises discretionary powers."   The regulations define an exempt administrative employee as one whose "*primary duty*" consists of "office or non-manual work."   A high degree of discretion and independence is also required by the employee for a successful classification under the executive and administrative exemptions.

36.   Plaintiff's primary job duties did not involve the exercise of independent discretion in matters of significance affecting the company.   Plaintiff

did not regularly attend company management meetings with officers, directors and managers.    Plaintiff was not involved with budgeting of his department or making decision on the numbers of employees to staff.

37.    Plaintiff's primary job duties were not managing a department. Plaintiff did not make decisions; all significant decisions had to be approved by Jonathan D. Ray or other officials.   His primary job duties were installation, inspection, customer service, ordering parts and supplies, and quality control.

38.    Plaintiff further spent substantial time on a routine basis traveling to customer's homes rather than working in an office and directing and supervising the work of others.

39.    Defendant Jonathan D. Ray closely monitored and supervised all Plaintiff's job duties, decisions, actions and conduct such that Plaintiff had very little freedom and discretion in his position.

40.    There is no exemption to the FLSA in this case, but to the extent one is asserted the Defendants "must [it] establish through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

41.    Defendants are, or should have been, aware of the FLSA overtime rate calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Patterson constituted a willful violation of the FLSA.

42.     Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Patterson for all hours worked in excess of forty (40) per week.

43.     During the relevant time period, Defendants required Patterson, a non-exempt employee under the FLSA, to regularly work in excess of 40 hour work weeks without payment of overtime.

44.     If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

45.     Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' "wages, hours, and other conditions and practices of employment." *Id.*; 29 C.F.R. § 516(1). Although there is no private cause of action against an employer for noncompliance with recordkeeping obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The plaintiff may establish "a just and reasonable inference" as to the uncompensated work performed. *Anderson*, 328 U.S. at 687-88. This can be done by a plaintiff's own testimony as to their regular work habits. Once the plaintiff has offered testimony or evince of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

46.     Defendants knowingly and willfully failed to pay Patterson proper overtime wages at a time and a half his regular rate of pay for such hours, for the purposes of decreasing costs and maximizing profitability.

47.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48.     Evidence reflecting the precise number of overtime hours worked by Patterson is in the possession of Defendants. If these records are available, Patterson may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

49.     Patterson is entitled to time and one-half her regular hourly rate, for each hour worked in excess of forty (40) hours per work week.

50.     As a direct result of the Defendants' willful violations of the FLSA, Patterson suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

51.     Defendants has not made a good faith effort to comply with the FLSA with respect to its compensation of Patterson and compliance with the FLSA, and such is evidenced by the later transition to an hourly paid, non-exempt status without changing the job duties and responsibilities and the misclassification of other employees as exempt.

**WHEREFORE**, Plaintiff, Jeffrey Patterson, demands judgment against Defendants NGCA and Ray for all overtime wages owed in amounts to be determined at trial, an equal sum in liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other equitable and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby exercises his right to have a jury trial for all issues triable as such under law.

Dated: Friday, October 04, 2013.

Respectfully submitted,

*/s/ Mitchell L. Feldman*
MITCHELL L. FELDMAN, ESQUIRE
Georgia Bar No. 257791
**FELDMAN MORGADO P.A.**
1201 Peachtree Street, Ste. 200
Atlanta, Georgia 30361
Telephone: (813) 639-9366
Facsimile: (813) 639-9376
E-mail: MFeldman@ffmlawgroup.com
Attorneys for Plaintiff